185 So.2d 730 (1966)
Melvin A. ROBINSON and Dorothy Robinson, His Wife, and Daniel Melnick and Janice Melnick, His Wife, Appellants,
v.
Eugene M. SPEER and Myrtle E. Speer, His Wife, Appellees.
No. H-87.
District Court of Appeal of Florida. First District.
April 14, 1966.
Rehearing Denied May 19, 1966.
Dean F. Cochran, Mount Vernon, N.Y., and Parker, Foster & Madigan, Tallahassee, for appellants.
Giles, Hedrick, & Robinson, Orlando, Andrews, Kurth, Campbell & Jones, Leon M. Payne and Selby W. Sullivan, Houston, Tex., for appellees.
JOHNSON, Judge.
This is an appeal from an order dismissing the complaint of plaintiff-appellant, without prejudice.
Plaintiffs sought to partition by sale of mineral rights held in common with the *731 appellees-defendants below in 1600 acres of land in Volusia County, Florida. The appellees owned 3200 acres of land and sold the same reserving "an undivided one-half interest in the minerals" with the perpetual right of ingress and egress to mine etc. The appellants purchased about one-half of the 3200 acre tract, or 1600 acres, by deed which expressly provided that such conveyance was subject to the ownership of the mineral rights of Speers. We think the language contained in the reservation by Speer is controlling in this case and should be set out in full as follows:
"The grantors do not sell, but expressly reserve for themselves, their heirs, personal representatives and assigns, an undivided one-half (1/2) interest in and to all of the oil, gas, coal and other minerals and mineral rights, whether metallic or non-metallic, in and under the lands described herein, subject only to said lease recorded in Book 304, page 299, of the Public Records of Volusia County, Florida, with the perpetual right of ingress and egress to and from said land for the purpose of drilling, exploring, mining and in every way operating for such minerals and removing the same, as well as the right of laying pipe lines and building tanks, towers, stations, and structures to produce, save, and take care of such minerals. In case that hereafter these grantors, their heirs, personal representatives or assigns, as owners of an undivided one-half (1/2) interest in said oil, gas, coal, minerals and mineral rights in the property above described, cannot agree with the owners of the other undivided one-half (1/2) interest in such oil, gas, coal, minerals, and mineral rights, as to the lease, mortgage, sale or disposition thereof, or any part thereof, then these grantors, their heirs, legal representatives or assigns shall have the right to choose one-half (1/2) in acreage of the above described property which they may independently lease, mortgage, sell or dispose of as they see fit; and in such event the grantees, their heirs, legal representatives and assigns, may independently lease, mortgage, sell and dispose of the oil, gas, coal, minerals and mineral rights in the one-half (1/2) acreage not chosen by the grantors, their heirs, legal representatives and assigns, as aforesaid."
The method of partition or dividing of the minerals, in the event of a disagreement relative thereto, is set out in the deed itself, and until the method so set out in the deed has been applied to partitioning of said mineral rights, there can be no resort to a judicial partition thereof. The reservation constituted a valid contractual right as between the parties. The appellants purchased their lands with full knowledge of the reservation and of the method of partitioning same. Under the terms of the reservation, the Speers had the legal right to claim all the minerals under the acreage purchased by the appellants and appellants were or should have been aware of this fact and certainly, if the Speers had so elected to take their mineral rights under the appellants' land, there would have been nothing to partition. The reservation does not violate the rule against perpetuities nor is it an unreasonable restraint on the right of partition or alienation. No request was made by plaintiffs-appellants that a partition of the mineral rights in question be made in accordance with the provisions of the deed and reservation therein. Therefore, what the plaintiffs were mineral rights under plaintiffs' land, thereby forcing the Speers to claim all their mineral rights under the remaining lands.
We feel that both law and equity are against the plaintiffs and that if the lower court made any error in dismissing the appellants' complaint, it was in doing so *732 without prejudice, a question we do not determine at this time.
For the reasons stated, the order appealed is Affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.